**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HONGJIANG CHUAI, | No. 14-73488 |
| Petitioner, | Agency No. A087-716-949 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2017**
Pasadena, California

Before: KELLY,*** CALLAHAN, and BEA, Circuit Judges.

Hongjiang Chuai ("Chuai") timely appeals the decision of the Board of

Immigration Appeals ("BIA") which upheld the Immigration Judge's ("IJ") denial

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

of his asylum and withholding of removal claims.[1]  We have jurisdiction under 8 U.S.C. § 1252(a).  Reviewing the BIA's legal conclusions de novo, *see Baballah v. Ashcroft*, 367 F.3d 1067, 1073 (9th Cir. 2004), and its factual findings for substantial evidence, *see Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014), we deny Chuai's petition for review.[2]

1. The BIA correctly reasoned that, consistent with *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011), Chuai had ample notice and opportunity to respond to the IJ's demands for corroborative evidence.  *Ren* held that if the IJ requires corroborative evidence, then "the IJ must give the applicant notice of the corroboration that is required and an opportunity either to produce the requisite corroborative evidence or to explain why that evidence is not reasonably available."  *Id.* at 1093.  The evidence—supportive letters from his churches in California and China and from family members—was available to Chuai.  On remand, Chuai failed to proffer such evidence or seek leave to do so.  Thus, the BIA's decision on remand complied with our mandate.

---

[1] Although Chuai claimed asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") before the IJ, he dropped the CAT claim before the BIA.  Moreover, Chuai has "not specifically and distinctly argued" the CAT claim "in [his] opening brief."  *United States v. Mateo-Mendez*, 215 F.3d 1039, 1043 (9th Cir. 2000) (citation and internal quotation marks omitted).  Therefore, the CAT claim is not before us.

[2] As the parties are familiar with the facts and procedural history, we restate them only as necessary to explain our decision.

2. Consistent with due process and 8 C.F.R. § 1003.29's "good cause" requirement, the IJ denied Chuai's third request for a continuance, only after he already was allowed 1.5 years to provide his corroborating evidence showing religious persecution. Chuai claims that he had not obtained translations of these documents. But Chuai waited until the merits hearing to make his third request for a continuance; and he has not, in the six years since his merits hearing or the eight years since the Government issued him a Notice to Appear ("NTA"), made a proffer of these documents translated to English, as required by the regulations. *See* 8 C.F.R. § 1003.33. Consequently, Chuai has not shown an abuse of discretion in the denial of his request for a continuance.

3. The IJ properly denied Chuai's asylum and withholding of removal applications. Chuai bears the burden of proving both claims. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017) (withholding of removal); *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (asylum). With respect to asylum, Chuai has failed to show persecution. Other than his own testimony, Chuai offers no evidence to support his claims of persecution. But even if he had, Chuai's assertions that he reported to the police on a weekly basis eight times, signed a "letter of promises," and was forced to watch propaganda films, along with his interrogation, one-day beating, shoulder injury, and three-day detention, do not amount to past persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1017–18 (9th Cir.

2006) (holding that it is not past persecution when applicant must report to police once a week, is beaten with a rod about ten times, is detained for three days, and is interrogated for two hours). In addition, Chuai adduced no evidence that he might be persecuted due to his religion if he returned to China. Chuai supplied no evidence to support his claims that: (1) he mailed the religious materials home to China; (2) he has ever worshipped at any church; (3) he has ever been arrested by Chinese police for any reason; (4) his parents bailed him out of prison; (5) they took him to the doctor on June 6, 2007; (6) his father has been arrested; or (7) Chuai is actually a practicing Christian. Indeed, Chuai admits that the Chinese government issued him a Chinese passport and a replacement despite his alleged troubles with the Chinese authorities. Furthermore, the narrative Chuai presented to the IJ was internally inconsistent. For these reasons, Chuai has not shown that the BIA's denial of asylum is unsupported by substantial evidence.

To demonstrate his entitlement to withholding of removal, an applicant must prove that severe harm—*i.e.*, threat to life or freedom—is likely in the event that he is deported. Chuai, however, provided the IJ with no evidence at all that his life or freedom would be threatened by religious persecution if he returns to China.

**DENIED**.